# EXHIBIT B

Complaint to Trans Union, LLC

DO NOT ISSUE WRIT OUT OF STATE DEFENDANT

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Anthony T. Romagna,
    Plaintiff,

Case No. GD-21-003340

v.

Nissan-Infiniti LT. Inc.;
Equifax Information Services LLC;
Experian Information Solutions, Inc.;
Trans Union LLC; and
    Defendants.

TYPE OF PLEADING:
**COMPLAINT IN CIVIL ACTION**

FILED UPON BEHALF OF:
Anthony T. Romagna,
Plaintiff

COUNSEL OF RECORD
FOR THIS PARTY:

Greg Artim, Esq.
**Artim Law, LLC**
1751 Lincoln Highway
North Versailles, PA 15137
412-348-8600
gregartim@gmail.com

Jury Trial Demanded

Pro hac vice admission to be sought:

**GOOLSBY LAW OFFICE, LLC**
John H. Goolsby, Esquire
Minnesota Bar Number 0320201
475 Cleveland Ave N, Suite 212
Saint Paul, MN 55104
Phone (651) 646-0153
jgoolsby@goolsbylawoffice.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

Anthony T. Romagna,　　　　　　　　　　Case No. _____
　　　Plaintiff,

　　　　　v.

Nissan-Infiniti LT. Inc.;
Equifax Information Services LLC;
Experian Information Solutions, Inc.;
Trans Union LLC; and
　　　　　　　　　　　　　Defendants.

## NOTICE TO DEFEND

　　　YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

　　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

　　　IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSON AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

2

**PRELIMINARY STATEMENT**

1. This action for damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, is based on Defendants' ongoing false reporting of late payments on an account that was never late: Defendants failed to follow reasonable procedures and failed to conduct reasonable investigations with respect to such false information, notwithstanding Plaintiffs' repeated disputes, which were supported by documentation proving that the reported information was false.

**PARTIES**

2. Plaintiff Anthony T. Romagna is a natural person who resides in the city of Munhall, County of Allegheny, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Nissan-Infiniti LT. Inc. ("Nissan") does business in Pennsylvania and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4. Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

7. Plaintiff had an auto lease from Defendant Nissan.

8. Plaintiff was never late on his lease payments.

9. On July 25, 2020, Plaintiff turned the car in to the dealership, Bowser Automotive, and ended the lease.

10. The dealership paid the remaining balance on the lease to the lender, Nissan.

11. The account was paid off on July 31, 2020.

12. Plaintiff did not have to make any more payments.

13. Nevertheless, Nissan thereafter reported to Defendants Equifax, Experian, and Trans Union that a past-due balance remained on the account and that Plaintiff had been late in August and September of 2020.

14. The indications of a past-due balance and that Plaintiff had been late in in August and September of 2020 were false.

15. Nissan attempted to collect the debt that had already been paid.

16. Plaintiff contacted the dealership to find out what was going on.

17. A representative from the dealership then followed up with Nissan.

18. In an October 19, 2020, email response from Nissan to the dealership's representative, Nissan, through its representative, stated:

4

> After researching the account I do show the account was paid off 07/31/3030 [sic] by Bowser Nissan dealership. I have submitted the request to Transaction Processing to have this account updated to the status of paid in full. In correction [sic] regarding the customer credit will be updated. I definitely apologize for the inconvenience.

19. The dealership forwarded that email to Plaintiff.

20. It turned out that there had actually been a slight overpayment, so Nissan sent Plaintiff a refund check for the overpayment in October 2020.

21. On or about October 20, 2020, Plaintiff disputed the false Nissan credit reporting to Equifax, Experian, and Trans Union.

22. In his October 2020 dispute, Plaintiff explained that he had turned the vehicle in to Browser Automotive on July 25, that the lease had been terminated, and that the account was no longer open.

23. With his October 2020 dispute, Plaintiff enclosed a copy of Nissan's email acknowledging that "the account was paid off 07/31."

24. Equifax received Plaintiff's October 2020 dispute.

25. Equifax notified Nissan of Plaintiff's October 2020 dispute.

26. In the alternative, Equifax failed to notify Nissan of Plaintiff's October 2020 dispute.

27. Equifax did not contact Browser to investigate whether Browser had paid off the account.

28. Equifax never responded to Plaintiff's October 2020 dispute.

29. Experian received Plaintiff's October 2020 dispute.

30. Experian notified Nissan of Plaintiff's October 2020 dispute.

31. Experian did not contact Browser to investigate whether Browser had paid off the account.

32. Plaintiff received investigation results from Experian dated November 12, 2020.

33. Experian's November 12, 2020, investigation results showed that the Nissan account had been partially corrected, to show that the status was paid and closed, but indicated that Experian would continue to report the late payment history for August and September.

34. Experian included the Nissan account in a section of Plaintiff's credit report for "Potentially negative items."

35. Trans Union received Plaintiff's October 2020 dispute.

36. Trans Union notified Nissan of Plaintiff's October 2020 dispute.

37. In the alternative, Trans Union failed to notify Nissan of Plaintiff's October 2020 dispute.

38. Trans Union did not contact Browser to investigate whether Browser had paid off the account.

39. Trans Union never responded to Plaintiff's October 2020 dispute.

40. In a letter dated November 25, 2020, Plaintiff again disputed the false Nissan credit reporting to Equifax, Experian, and Trans Union.

41. In his November 25, 2020, dispute, Plaintiff explained:

> That account is inaccurate because I was never late. My credit reports indicate that I was late in August and September of 2020. That is false.
>
> **As the enclosed email from Nissan explains, "The account was paid off on 7/31."**

> ...
> On July 25, I turned the car in to the dealership, Bowser Automotive, and ended the lease. The dealership paid the remaining balance on the lease to the lender, Nissan. I didn't have to make any more payments.
>
> ...
> As the email shows, Nissan eventually recognized the error and acknowledged that the account was paid off in July. Nissan even sent me a check for an overpayment. I'm also enclosing a copy of that check. The fact that Nissan sent me a check for an overpayment in October – when I hadn't made any payments in August or September – further proves that there wasn't any balance remaining in August and September. It was therefore impossible for me to have been late in those two months.
>
> Nissan partially corrected its credit reporting – to show that the account is paid and closed – but failed to correct the false late payment history for August and September.

42. With his November 25, 2020, dispute, Plaintiff again enclosed a copy of Nissan's email acknowledging that "the account was paid off 07/31."

43. With his November 25, 2020, dispute, Plaintiff also enclosed a copy the refund check for the overpayment.

44. In his November 25, 2020, dispute, Plaintiff further explained to Equifax, Experian, and Trans Union:

> If Nissan now tries to tell you that I really was late in August and September, please note that Nissan is not a reliable source of information: the Consumer Financial Protection Bureau (CFPB) has found that Nissan Motor Acceptance Corporation has committed numerous violations of law in connection with its loan servicing.
>
> You can read more about the CFPB's action against Nissan here:
>
> https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-settles-nissan-motor-acceptance-corporation-illegal-collections-and-repossession-practices/

7

> The CFPB has received numerous complaints specifically about inaccurate credit reporting by Nissan Motor Acceptance Corporation. I am enclosing a sampling of a few pages from the CFPB's complaint database.
>
> You can find the CFPB's complete list of complaints against Nissan Motor Acceptance Corporation for inaccurate credit reporting here:
>
> https://www.consumerfinance.gov/data-research/consumer-complaints/search/?date_received_max=2020-11-20&date_received_min=2011-12-01&issue=Incorrect%20information%20on%20your%20report%E2%80%A2Account%20status%20incorrect&issue=Incorrect%20information%20on%20your%20report%E2%80%A2Account%20information%20incorrect&page=1&product=Credit%20reporting%2C%20credit%20repair%20services%2C%20or%20other%20personal%20consumer%20reports&searchField=company&searchText=Nissan&size=100&sort=created_date_desc&tab=List
>
> Also, it's obvious that Nissan is not a reliably accurate source of information because they said the account was "paid off on 7/31/**3030**." That's just another example of their sloppiness.

45. Equifax received Plaintiff's November 2020 dispute.

46. Equifax notified Nissan of Plaintiff's November 2020 dispute.

47. Equifax did not contact Browser to investigate whether Browser had paid off the account.

48. Plaintiff received investigation results from Equifax dated December 15, 2020.

49. Equifax's December 15, 2020, investigation results showed the Nissan account status as "30-59 Days Past Due."

50. Equifax's December 15, 2020, investigation results indicated that Equifax would continue to report the late payment history for August and September.

8

51. Equifax's December 15, 2020, investigation results stated that the "Date of Last Payment" for the Nissan account was September 2020.

52. The indication that the "Date of Last Payment" for the Nissan account was September 2020 was false: the account had been paid off on July 31, 2020.

53. Experian received Plaintiff's November 2020 dispute.

54. Experian notified Nissan of Plaintiff's November 2020 dispute.

55. Experian did not contact Browser to investigate whether Browser had paid off the account.

56. Plaintiff received investigation results from Experian dated December 11, 2020.

57. Experian's December 11, 2020, investigation results still showed, "30 days past due as of Sep 2020, Aug 2020."

58. Experian included the Nissan account in a section of Plaintiff's credit report for "Potentially negative items."

59. Experian never responded to Plaintiff's November 2020 dispute.

60. Trans Union received Plaintiff's November 2020 dispute.

61. Trans Union notified Nissan of Plaintiff's November 2020 dispute.

62. Trans Union did not contact Browser to investigate whether Browser had paid off the account.

63. Plaintiff received investigation results from Trans Union dated December 17, 2020.

64. Trans Union's December 17, 2020, investigation results showed the Nissan account status as "30 Days Past Due."

65. Trans Union's December 17, 2020, investigation results stated, "Maximum Delinquency of 30 days in 08/2020 and in 09/2020."

66. Trans Union's December 17, 2020, investigation results stated, "Last Payment Made 09/30/20."

67. The statement, "Last Payment Made 09/30/20," was false: the account had been paid off on July 31, 2020.

68. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the false Nissan account on Plaintiff's credit reports was not appropriately deleted or modified.

69. On or about December 18, 2020, Experian supplied credit reports to Citizen's Bank and TD Bank.

70. On or about January 9, 2021, Trans Union supplied a credit report to Synchrony Bank in connection with Plaintiff's application for a Lowe's credit card.

71. Plaintiff's application for a Lowe's card, issued by Synchrony Bank, was denied due at least in substantial part to the false Nissan account on Plaintiff's Trans Union's credit report.

72. On or about February 2, 2021, Equifax supplied a credit report to Comenity Bank.

73. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

74. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

75. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

## TRIAL BY JURY

76. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### EQUIFAX, EXPERIAN, AND TRANS UNION

77. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

78. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation

by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

79. As a result of Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

80. Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

81. Defendants Equifax, Experian, and Trans Union are liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Such other and further relief as may be just and proper; and

    e.) Plaintiff seeks an amount in excess of Arbitration limits.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)**
**NISSAN**

82. Defendant Nissan willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the information.

83. As a result of Nissan's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

84. Nissan's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

85. Plaintiff is entitled to recover costs and attorney's fees from Defendant Nissan pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,**

Plaintiff prays that judgment be entered against this Defendants for:

  f.) Plaintiff's actual damages;

  g.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

h.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

i.) Such other and further relief as may be just and proper; and

j.) Plaintiff seeks an amount in excess of Arbitration limits.

PLAINTIFF, Anthony T. Romagna,

By: _____
Gregory T. Artim, Esquire

**JURY TRIAL DEMANDED**
**ARTIM LAW, LLC**
**Gregory T. Artim, Esq.**
PA I.D. #80886
1751 Lincoln Highway
North Versailles, PA 15137
412-348-8600
gregartim@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __ATTORNEY FOR PLAINTIFF__

Signature: _____

Name: __GREGORY T ARTIM__

Attorney No. (if applicable): __80886__

Rev. 7/2018

**VERIFICATION**

I, Anthony T. Romagna, have read the foregoing Complaint, and affirm that the facts asserted therein are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

2-22-21

Date

Anthony T. Romagna