**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)**

ANTHONY T. ROMAGNA,                    CASE NO. 2:21-cv-00400-NR
          Plantiff,

   vs.

NISSAN-INFINITI LT, INC.;
EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,
          Defendants.

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND
AFFIRMATIVE DEFENSES**

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Original Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union LLC's responses immediately following.

**PRELIMINARY STATEMENT**

1.     This action for damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, is based on Defendants' ongoing false reporting of late payments on an account that was never late: Defendants failed to follow reasonable procedures and failed to conduct reasonable investigations with respect to such false information, notwithstanding Plaintiffs' repeated disputes, which were supported by documentation proving that the reported information was false.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against

Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

2.      Plaintiff Anthony T. Romagna is a natural person who resides in the city of Munhall, County of Allegheny, State of. Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Defendant Nissan-Infiniti LT, Inc. ("Nissan") does business in Pennsylvania and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

7.      Plaintiff had an auto lease from Defendant Nissan.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.      Plaintiff was never late on his lease payments.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.      On July 25, 2020, Plaintiff turned the car in to the dealership, Bowser Automotive, and ended the lease.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.      The dealership paid the remaining balance on the lease to the lender, Nissan

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.      The account was paid off on July 31, 2020.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Plaintiff did not have to make any more payments.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Nevertheless, Nissan thereafter reported to Defendants Equifax, Experian, and Trans Union that a past-due balance remained on the account and that Plaintiff had been late in August and September of 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.     The indications of a past-due balance and that Plaintiff had been late in in August and September of 2020 were false.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Nissan attempted to collect the debt that had already been paid.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Plaintiff contacted the dealership to find out what was going on.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     A representative from the dealership then followed up with Nissan.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.    In an October 19, 2020, email response from Nissan to the dealership's representative, Nissan, through its representative, stated:

> After researching the account I do show the account was paid off 07 /31/3030 [sic] by Bowser Nissan dealership. I have submitted the request to Transaction Processing to have this account updated to the status of paid in full. In correction [sic] regarding the customer credit will be updated. I definitely apologize for the inconvenience.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.    The dealership forwarded that email to Plaintiff.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.    It turned out that there had actually been a slight overpayment, so Nissan sent Plaintiff a refund check for the overpayment in October 2020.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.    On or about October 20, 2020, Plaintiff disputed the false Nissan credit reporting to Equifax, Experian, and Trans Union.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22.     In his October 2020 dispute, Plaintiff explained that he had turned the vehicle in to Browser Automotive on July 25, that the lease had been terminated, and that the account was no longer open.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.     With his October 2020 dispute, Plaintiff enclosed a copy of Nissan's email acknowledging that "the account was paid off 07/31."

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.     Equifax received Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.     Equifax notified Nissan of Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.     In the alternative, Equifax failed to notify Nissan of Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.     Equifax did not contact Browser to investigate whether Browser had paid off the account

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     Equifax never responded to Plaintiffs October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.     Experian received Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.     Experian notified Nissan of Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.     Experian did not contact Browser to investigate whether Browser had paid off the account.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.     Plaintiff received investigation results from Experian dated November 12, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33.     Experian's November 12, 2020, investigation results showed that the Nissan account had been partially corrected, to show that the status was paid and closed, but indicated that Experian would continue to report the late payment history for August and September.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34.     Experian included the Nissan account in a section of Plaintiff's credit report for "Potentially negative items."

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.     Trans Union received Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.     Trans Union notified Nissan of Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37.     In the alternative, Trans Union failed to notify Nissan of Plaintiff's October 2020 dispute.

**ANSWER:**     Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38.     Trans Union did not contact Browser to investigate whether Browser had paid off the account.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.     Trans Union never responded to Plaintiff's October 2020 dispute.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.     In a letter dated November 25, 2020, Plaintiff again disputed the false Nissan credit reporting to Equifax, Experian, and Trans Union.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

41.     In his November 25, 2020, dispute, Plaintiff explained:

That account is inaccurate because I was never late.  My credit reports indicate that I was late in August and September of 2020.  That is false.

As the enclosed email from Nissan explains, "The account was paid off on 7/31."

On July 25, I turned the car in to the dealership, Bowser Automotive, and ended the lease. The dealership paid the remaining balance on the lease to the lender, Nissan.  I didn't have to make any more payments.

As the email shows, Nissan eventually recognized the error and acknowledged that the account was paid off in July.  Nissan even sent me a

check for an overpayment.  I'm also enclosing a copy of that check.  The fact that Nissan sent me a check for an overpayment in October - when I hadn't made any payments in August or September - further proves that there wasn't any balance remaining in August and September.  It was therefore impossible for me to have been late in those two months.

Nissan partially corrected its credit reporting - to show that the account is paid and closed - but failed to correct the false late payment history for August and September.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

42.   With his November 25, 2020, dispute, Plaintiff again enclosed a copy of Nissan's email acknowledging that "the account was paid off 07/31."

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

43.   With his November 25, 2020, dispute, Plaintiff also enclosed a copy the refund check for the overpayment.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the

effect of a denial under Rule 8(b)(5).

44.     In his November 25, 2020, dispute, Plaintiff further explained to Equifax, Experian,

and Trans Union:

> If Nissan now tries to tell you that I really was late in August and September,
> please note that Nissan is not a reliable source of information:  the
> Consumer Financial Protection Bureau (CFPB) has found that Nissan
> Motor Acceptance Corporation has committed numerous violations of law
> in connection with its loan servicing.
>
> You can read more about the CFPB's action against Nissan here:
>
> https://www.consumerfinance.gov/about-us/newsroom/consumer-
> financial-protection-bureau-settles-nissan-motor-acceptance-corporation-
> illegal-collections-and-repossession-practices/
>
> The CFPB has received numerous complaints specifically about inaccurate
> credit reporting by Nissan Motor Acceptance Corporation. I am enclosing a
> sampling of a few pages from the CFPB's complaint database.
>
> You can find the CFPB's complete list of complaints against Nissan Motor
> Acceptance Corporation for inaccurate credit reporting here:
>
> https://www.consumerfinance.gov/data-research/consumer-
> complaints/search/?date_received_max=2020-11-
> 20&date_received_min=2011-12-
> 01&issue=Incorrect%20information%20on%20your%20report%
> E2%80%A2Account%20status%20incorrect&issue=Incorrect%2
> 0information%20on%20your%20report%E2%80%A2Account%2
> 0information%20incorrect&page=l&product=Credit%20reportin
> g%2C%20credit%20repair%20services%2C%20or%20other%20p
> ersonal%20consumer%20reports&searchField=company&search
> Text=Nissan&size= 100&sort=created_date_desc&tab=List
>
> Also, it's obvious that Nissan is not a reliably accurate source of information
> because they said the account was "paid off on 7/31/**3030**." That's just
> another example of their sloppiness.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time

sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

45.     Equifax received Plaintiff's November 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.     Equifax notified Nissan of Plaintiff's November 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.     Equifax did not contact Browser to investigate whether Browser had paid off the account.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.     Plaintiff received investigation results from Equifax dated December 15, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.     Equifax's December 15, 2020, investigation results showed the Nissan account status as "30-59 Days Past Due."

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.     Equifax's December 15, 2020, investigation results indicated that Equifax would continue to report the late payment history for August and September.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

51.     Equifax's December 15, 2020, investigation results stated that the "Date of Last Payment" for the Nissan account was September 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52.     The indication that the "Date of Last Payment" for the Nissan account was September 2020 was false:  the account had been paid off on July 31, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.     Experian received Plaintiff's November 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54.     Experian notified Nissan of Plaintiff's November 2020 dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

55.     Experian did not contact Browser to investigate whether Browser had paid off the account.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56.     Plaintiff received investigation results from Experian dated December 11, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57.    Experian's December 11, 2020, investigation results still showed, "30 days past due as of Sep 2020, Aug 2020."

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58.    Experian included the Nissan account in a section of Plaintiff's credit report for "Potentially negative items."

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59.    Experian never responded to Plaintiff's November 2020 dispute.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

60.    Trans Union received Plaintiff's November 2020 dispute.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

61.    Trans Union notified Nissan of Plaintiff's November 2020 dispute.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

62.    Trans Union did not contact Browser to investigate whether Browser had paid off the account.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63.    Plaintiff received investigation results from Trans Union dated December 17, 2020.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

64.    Trans Union's December 17, 2020, investigation results showed the Nissan account status as "30 Days Fast Due."

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).

65.    Trans Union's December 17, 2020, investigation results stated, "Maximum Delinquency of 30 days in 08/2020 and in 09/2020."

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

66.    Trans Union's December 17, 2020, investigation results stated, "Last Payment Made 09/30/20."

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67.    The statement, "Last Payment Made 09/30/20," was false:  the account had been paid off on July 31, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

68.     Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the false Nissan account on Plaintiff's credit reports was not appropriately deleted or modified.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69.     On or about December 18, 2020, Experian supplied credit reports to Citizen's Bank and TD Bank.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

70.     On or about January 9, 2021, Trans Union supplied a credit report to Synchrony Bank in connection with Plaintiff's application for a Lowe's credit card.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

71.     Plaintiff's application for a Lowe's card, issued by Synchrony Bank, was denied due at least in substantial part to the false Nissan account on Plaintiff's Trans Union's credit report.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

72.    On or about February 2, 2021, Equifax supplied a credit report to Comenity Bank.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

73.    As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.    Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## TRIAL BY JURY

76.     Plaintiff is entitled to and hereby requests a trial by jury.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### EQUIFAX, EXPERIAN, AND TRANS UNION

77.     Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.     Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.     As a result of Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

80.     Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.     Defendants Equifax, Experian, and Trans Union are liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## **WHEREFORE**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 16810;

d.) Such other and further relief as may be just and proper; and

e.) Plaintiff seeks an amount in excess of Arbitration limits.

**ANSWER:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## **COUNT II**
### **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
### **15 U.S.C. § 1681s-2(b)**
### **NISSAN**

82.     Defendant Nissan willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by <u>failing</u> to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the information.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

83.     As a result of Nissan's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his

credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

84.    Nissan's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

85.    Plaintiff is entitled to recover costs and attorney's fees from Defendant Nissan pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

### **WHEREFORE**

Plaintiff prays that judgment be entered against this Defendants for:

f.) Plaintiff's actual damages;

g.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

h.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n

and/or 1681o;

i.) Such other and further relief as may be just and proper; and

j.) Plaintiff seeks an amount in excess of Arbitration limits.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.      Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.      Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous

provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

Date: April 8, 2021

*/s/ Stanley W. Greenfield*
Stanley W. Greenfield, Esq. (PA #00622)
Greenfield & Kraut
6315 Beacon Street
Pittsburgh, PA, 15217
Telephone: (412) 261-4466
Fax: (412) 261-4408
E-Mail: greenfieldandkraut@verizon.net

*Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on the **8th day of April, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| **for Plaintiff Anthony T. Romagna**<br>Greg Artim, Esq.<br>Artim Law LLC<br>1751 Lincoln Highway<br>North Versailles, PA  15137<br>gregartim@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **8th day of April, 2021** properly addressed as follows:

| None. | |

*/s/ Stanley W. Greenfield*
Stanley W. Greenfield, Esq. (PA #00622)
Greenfield & Kraut
6315 Beacon Street
Pittsburgh, PA, 15217
Telephone:  (412) 261-4466
Fax:  (412) 2651-4408
E-Mail: greenfieldandkraut@verizon.net

*Counsel for Defendant Trans Union, LLC*